UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOSUE G. MANZO,

    Plaintiff,

v.                                       Case No. 3:19cv3357-LC-HTC

C. COURTNEY, et al.,

    Defendants.

_____/

ORDER and REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' motion to dismiss Plaintiff's amended complaint based on failure to exhaust and Eleventh Amendment immunity (ECF Doc. 31) and Plaintiff's response in opposition (ECF Doc. 33). Upon consideration of the motion, Plaintiff's response, and the operative pleading, the undersigned respectfully recommends that Defendants' motion be GRANTED in part and DENIED in part. Specifically, the undersigned recommends granting the motion only to the extent that Plaintiff may not seek monetary damages from Defendants in their official capacities and denying the motion in all other respects.

**I.    BACKGROUND**

Plaintiff Josue G. Manzo, a prisoner proceeding *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983, asserting claims against Defendants for

failing to place him in protective management. ECF Doc. 14. Defendants are or were Okaloosa Correctional Institution ("Okaloosa CI") Classification Team Officers. In his amended complaint, Plaintiff alleges he informed Defendants that he had been "assaulted and threatened" in June and October 2015 at Taylor Correctional Institution; July and October 2016 at Mayo Correctional Institution; December 2016 at Jackson Correctional Institution; and December 2017 at Holmes Correctional Institution. *Id.* at 5. Additionally, Plaintiff told Defendants that "the attacks and threats would continue so long as Plaintiff remained in general population." *Id.* at 6. Plaintiff explains that he is "a target of abuse, assault, blackmail, extorsion [sic], and general threats due to [his] sexual assault of a minor [conviction]." *Id.* at 5. Defendants denied Plaintiff's request for protective management, and he was transferred to Cross City Correctional Institution, where he was again assaulted, "resulting in [him] being hospitalized." *Id.*

## II. LEGAL STANDARDS

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of all available administrative remedies is a mandatory precondition to suit. *See Booth v. Churner*, 532 U.S. 731, 739 (2001). The

exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is required whether the plaintiff seeks declaratory and injunctive relief, monetary damages, or both. *See Booth*, 532 U.S. at 734, 741. The requirement is not subject to waiver by a court or futility or inadequacy exceptions. *See id.* at 741 n. 6.

Moreover, the PLRA requires "proper exhaustion" so that the agency has an opportunity to address the issues on the merits. *Woodford v. Ngo*, 548 U.S. 81, 93-94 (2006); *see also id.* at 95 ("The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules"). "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court. This has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record." *Jones v. Bock*, 549 U.S. 199, 204 (2007).

Additionally, a plaintiff must exhaust his available administrative remedies as to *each claim* set forth in his complaint. *See Martinez v. Minnis*, 257 F. App'x 261, 265 n. 5 (11th Cir 2007) (finding prisoner who filed grievance concerning numerous

claims failed to exhaust a retaliation claim because grievance "did not mention retaliation or use any words synonymous with or indicating retaliation, nor did it provide the BOP with notice of allegedly retaliatory action or the opportunity to correct it"). A court must dismiss an action if it is satisfied that an inmate failed to properly exhaust his available administrative remedies before filing suit. *See Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000).

The defense of failure to exhaust should be treated as a matter in abatement. *See Bryant v. Rich*, 530 F.3d 1368, 1374 (11th Cir. 2008). "This means that procedurally the defense is treated 'like a defense for lack of jurisdiction,' although it is not a jurisdictional matter." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) (quoting *Bryant*, 530 F.3d at 1374). Because exhaustion is a matter in abatement, "it should be raised in a motion to dismiss or be treated as such if raised in a motion for summary judgment." *Bryant*, 530 F.3d at 1374-75 (citation and internal quotation omitted).

Deciding a motion to dismiss for failure to exhaust administrative remedies involves two (2) steps. *See Turner*, 541 F.3d at 1082. "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to

exhaust administrative remedies, it must be dismissed." *Id.* (citing *Bryant*, 530 F.3d at 1373-74).

"If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* (citing *Bryant*, 530 F.3d at 1373-74, 1376). "The defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." *Id.* (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)). "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." *Id.* at 1083.

The grievance procedure that must be followed is determined by the agency – here, the FDOC. *See Jones*, 549 U.S. at 218. The FDOC's grievance procedures generally require an inmate to: (1) file an informal grievance with a designated prison staff member, (2) file a formal grievance with the warden's office, and then (3) submit an appeal to the Office of the Secretary. *See* Fla. Admin. Code r. 33-103.005 to 33-103.007; *see also Parzyck v. Prison Health Servs., Inc.*, 627 F.3d 1215, 1218 (11th Cir. 2010).[1]

---

[1] For complaints regarding medical treatment, an inmate may bypass the informal grievance step. *See* Fla. Admin. Code r. 33-103.005(1).

Case No. 3:19cv3357-LC-HTC

## III.   DISCUSSION

### A.   Failure to Exhaust

Defendants seek dismissal of Plaintiff's claims on the grounds that Plaintiff failed to file any grievances from July 17, 2018, the date protective management was allegedly denied, to August 12, 2019, the date Plaintiff's initial complaint was docketed.  ECF Doc. 31 at 7.

Under the first step of the *Turner* analysis, the Court must accept the allegations in Plaintiff's response as true and, in his response, Plaintiff alleges that he filed an informal grievance, a formal grievance, and an appeal relating to his request to be placed in protective management.  The appeal attached by Plaintiff appears to support that allegation.  *See* ECF Doc. 33 at 4-6.  Thus, under the first step of the *Turner* analysis, Defendants are not entitled to have the amended complaint dismissed for failure to exhaust administrative remedies.

Under step two, this Court must make specific factual findings to determine whether Plaintiff has exhausted his administrative remedies.  In support of Defendants' motion to dismiss, Defendants rely on sworn affidavits from Janice Mason, Secretary Specialist at Okaloosa CI, and Lawanda Sanders, an employee at the FDOC's Central Office, declaring that they were unable to locate any grievances or appeals pertaining to the alleged July 2018 meeting with Defendants.  ECF Doc.

31-1, 31-2. Plaintiff, in response, relies on his appeal to the Secretary and the Secretary's denial of relief.

Plaintiff does not dispute that he did not file any relevant grievances between July 17, 2018 and August 12, 2019. Instead, Plaintiff argues that he has sufficiently exhausted his administrative remedies by filing an informal grievance, a formal grievance, and an appeal, which were rejected in June 2018. Specifically, Plaintiff claims his "informal grievance related to his request to be placed in protective management with the institution." ECF Doc. 33 at 2. Plaintiff attaches a copy of his appeal to the Secretary of the FDOC and the FDOC's subsequent denial. ECF Doc. 33 at 4-6. In his appeal to the Secretary, Plaintiff explains that he has been attacked six (6) times at various institutions and that he will not be safe unless he is placed in protective management. ECF Doc. 33 at 5-6. Plaintiff asks the Secretary to check into his assaults and states that he is scared for his safety, he believes that he will be killed, and he has been transferred four (4) times, which has not resolved the assaults. *Id.*

As stated above, the sole basis of Defendants' motion to dismiss is that Plaintiff did not file a grievance after his meeting with Defendants on July 17, 2018. While that may be true, that argument ignores the fact that the crux of Plaintiff's present allegations is the same as that in his June 2018 appeal. As Defendants note, the purpose of the PLRA's exhaustion requirement is to put administrative officials

on notice of the issues in dispute so that they may address those issues prior to court intervention. "[A] grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *See Harvard v. Inch*, 411 F.Supp.3d 1220, 1244 (N.D. Fla. 2019) (holding that FDOC regulations do not "require that an inmate provide all relevant information available to him") (citing *Goldsmith v. White*, 357 F. Supp.2d 1336, 1339 (N.D. Fla. 2005)). Indeed, as Judge Walker noted in *Harvard v. Inch,* the FDOC regulations do not require a specific level of detail be included in grievances. *See id.* The undersigned cannot say that such notice was not provided here.

Although Plaintiff does not specifically reference the meeting or meetings he had with Defendants in his appeal, it appears based on the Secretary's response that Plaintiff had already met with the Classification Team *before* he wrote the grievances and appeal.[2] Specifically, the denial of Plaintiff's appeal states, "We uphold the Institutional Classification Team and State Classification Officer decision to deny you protective custody at this time." ECF Doc. 33 at 4. Also, aside from an additional alleged April 2018 assault, the assaults that Plaintiff writes about in his appeal are the same assaults he contends he told Defendants about when he met with them.

---

[2] If Plaintiff was mistaken about the date he alleges he met with classification officers in his amended complaint, Plaintiff should immediately seek leave to amend his complaint to correct the date.

Case No. 3:19cv3357-LC-HTC

Similarly, Plaintiff's failure to specifically name the Defendants (even if that is true in the grievances) is not fatal to Plaintiff's exhaustion efforts. *See Cronin v. Jones*, 2019 WL 144915, at *6 (M.D. Fla. Jan. 9, 2019) ("[t]o the extent Plaintiff failed to identify Dr. Campbell in his grievances, his failure to do so is not fatal to his claim because the Florida grievance procedure does not require that a prisoner identify each person he intends to later sue") (citing Fla. Admin. Code r. 33-103.005 through 33-103.007 (requiring that prisoners write their grievances legibly, include accurate facts, and address only one (1) issue) and *Parzyck*, 627 F.3d at 1218-19 (finding that "[a] prisoner need not name any particular defendant in a grievance in order to properly exhaust his claim"; that the exhaustion requirement "is designed to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued"; and that the plaintiff "was not required to initiate another round of the grievance process on the exact same issue each time another request for an orthopedic consultation was denied")).

Thus, under step two of the *Turner* analysis, the undersigned finds that Plaintiff has provided sufficient notice to administrative officials of his discontentment with being denied protective management. The crux of this litigation is that Plaintiff was denied protective management by the Classification Team and, likewise, the crux of Plaintiff's appeal to the Secretary is that he was denied protective management. Moreover, because Defendants only reviewed the FDOC

files for grievances filed by Plaintiff *after* July 17, 2018, the Court does not have the June 2018 informal or formal grievance before it and cannot say that those grievances are insufficient. Therefore, at this point in the proceedings and based on the record before the Court, the undersigned finds that Defendants have failed to meet their burden of showing that Plaintiff has failed to exhaust his administrative remedies. Accordingly, Defendants' motion should be denied on that ground.

### B. Eleventh Amendment Immunity

As stated above, Defendants have also moved to dismiss Plaintiff's claims against them based on Eleventh Amendment immunity to the extent that Plaintiff seeks to sue Defendants in their official capacities. As an initial matter, Plaintiff does not appear to specify in either his amended complaint or his response whether he is suing Defendants in their official or individual capacities. *See* ECF Docs. 14, 33. However, because Plaintiff is proceeding *pro se* and *pro se* complaints must be read liberally and held to a less stringent standard than other pleadings, the undersigned will construe the complaint as bringing claims against Defendants in both their official *and* individual capacities. *See Perez-Martinez v. Ralph*, 2018 WL 505612, at *4 (N.D. Fla. Jan. 5, 2018) (liberally construing *pro se* complaint as bringing both official and individual capacity claims where it did not specify). In that light, the undersigned agrees that Plaintiff may not seek monetary damages against Defendants in their official capacities.

Under the Eleventh Amendment, states and state agencies cannot be sued in federal court unless (1) the state consents to be sued *or* (2) Congress abrogates the state's Eleventh Amendment immunity. *Port Auth. Trans–Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990). The FDOC is a state agency for purposes of the Eleventh Amendment. *See, e.g., Walden v. Fla. Dep't of Corr.*, 975 F. Supp. 1330, 1331 (N.D. Fla. 1996) (finding that the FDOC is "a state agency that is clearly the equivalent of the State of Florida for Eleventh Amendment purposes"). Neither Florida nor the FDOC has unequivocally expressed consent to be sued in federal court or waived Florida's Eleventh Amendment immunity with respect to Plaintiff's claims. *See Powell v. Florida Dept. of Corr.*, 2018 WL 2033711, at *3 (N.D. Fla. Mar. 28, 2018). Moreover, Congress has not abrogated states' Eleventh Amendment immunity for § 1983 claims. *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1301 (11th Cir. 2007).

Eleventh Amendment immunity extends to state officials, such as Defendants, sued in their official capacities. *Jackson v. Georgia Dept. of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994) ("[u]nder the Eleventh Amendment, state officials sued for damages in their official capacity are immune from suit in federal court"). Thus, to the extent Plaintiff seeks monetary damages from Defendants in their official

capacities as state employees of the FDOC, he cannot do so, and Defendants' motion to dismiss should be granted on that ground.[3]

### C. Plaintiff's Motion for Extension

In Plaintiff's response, he asks for a copy of the Defendants' motion to dismiss and additional time so that he may "more fully reply" to the motion. ECF Doc. 33 at 2. Plaintiff indicates that he sent his only copy of the motion to the law library and that his filed response was based on memory. However, the undersigned finds an extension to be unnecessary, as Plaintiff's current response contains sufficient information to warrant a recommendation that Defendants' motion to dismiss this action be denied on failure to exhaust grounds. Also, although the undersigned is recommending that Defendants' motion be granted to the extent that Plaintiff may not seek monetary damages from Defendants in their official capacities, no additional response by Plaintiff would alter that recommendation and Plaintiff may still proceed with his damage claims against Defendants in their individual capacities. Thus, Plaintiff's motion for additional time will be DENIED.

---

[3] The Eleventh Amendment does not, however, bar a suit for monetary damages from Defendants in their *individual* capacities. *See Watson v. Florida Judicial Qualifications Com'n*, 618 F. App'x 487, 491 (11th Cir. 2015) ("the Eleventh Amendment does not shield a state official sued in his individual capacity").

Case No. 3:19cv3357-LC-HTC

## IV.  CONCLUSION

Accordingly, it is ORDERED that:

1. Plaintiff's request for a copy of the motion to dismiss and an extension of time to file a full response to the Defendants' motion to dismiss is DENIED.

It is further RECOMMENDED that:

1. Defendants' Motion to Dismiss (ECF Doc. 31) be GRANTED only to the extent that Plaintiff may not seek monetary damages from Defendants in their official capacities and that the motion otherwise be DENIED.

2. Defendants be required to file an answer to Plaintiff's amended complaint (ECF Doc. 14) within fourteen (14) days of the Court's entry of an order adopting this recommendation.

Done in Pensacola, Florida this 10th day of July, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based

on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 3:19cv3357-LC-HTC